IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAURICE BARNES,

    Petitioner,

v.

JUDY SMITH, Warden,
Oshkosh Correctional Institution,[1]

    Respondent.

Case No. 15-cv-1557-pp

**ORDER SCREENING PETITION (DKT. NO. 1) AND REQUIRING RESPONSE**

**I.    INTRODUCTION**

On December 30, 2015, Maurice Barnes, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. When he did not include the filing fee, a motion to proceed without paying the fee, or his consent forms, the clerk's office sent the petitioner a letter requesting those items. Dkt. No. 2. On January 15, 2016, he paid the $5.00 filing fee and filed a refusal to consent to the authority of the magistrate judge to issue the final judgment. Dkt. No. 3. The court now will screen the petition.

---

[1] The original petition names the State of Wisconsin as the respondent. The proper respondent in a *habeas corpus* case is the warden of the facility where the petitioner is an inmate. Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996). The court will order the clerk of court to amend the caption, and to substitute Judy P. Smith, Warden of the Oshkosh Correctional Institution, as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

1

In 2009, the petitioner faced five criminal counts in Kenosha County Circuit Court. State v. Barnes, No. 2009CF000702, available at https://wcca.wicourts.gov. He pled guilty to one count of obstructing of an officer. A jury found him guilty of two counts of second degree sexual assault and one count of false imprisonment. The jury found him not guilty of one count of strangulation and suffocation. On October 27, 2010, the state court sentenced the petitioner to the following: six years' imprisonment and five years of extended supervision for Count I (second degree sexual assault); one year and six months' imprisonment and one year and six months' extended supervision for Count III (false imprisonment), to run concurrent with the sentence imposed on Count I; nine months' imprisonment for Count IV (obstructing an officer), to run consecutively to the sentence imposed in Count I; and six years' imprisonment and five years' extended supervision for Count V (second degree sexual assault), to run consecutively to the sentence imposed in Count I. Id. On October 28, 2010, the court entered the judgment of conviction. Currently the petitioner is incarcerated at Oshkosh Correctional Institution.

In his petition for *habeas* relief, the petitioner raises five claims. Dkt. No. 1 at 12-15, 17. In ground one, he "argues that his trial counsel was ineffective in not investigating MDO's mental health record's [sic]." Id. at 7. The petition does not explain who "MDO" is, but the petitioner attached to the petition a letter explaining his relationship with a woman whose name started with the letter "M;" the court infers that "MDO" are the initials of the victim. The petition asserts that counsel's failure to investigate the victim's mental health records

2

Case 2:15-cv-01557-PP   Filed 07/07/16   Page 2 of 9   Document 4

"deprived him of the right to a meaningful opportunity to present a complete defense." Id. at 13. The court interprets this as a Sixth Amendment claim for ineffective assistance of counsel.

In ground two, the petitioner asserts "that his trial counsel was ineffective in not providing an expert witness" to explain "the cause of MDO's injuries." Id. The petitioner argues that his trial counsel did not sufficiently develop "a consent theory." Id. at 13-14. This is another claim that his Sixth Amendment right to effective assistance of counsel was violated.

In ground three, the petitioner "argues that the trial court abused its discretion when it failed to uphold the law or enforce the rules of law or honor the spirit of the law." Id. at 14. Specifically, the petitioner asserts that the trial court did not "assist the jury in understanding what the requirements of the law are and/or in understanding what their duties were as jurors." Id. According to the petitioner, the jury asked several questions of the state-court judge, and the petitioner argues that the judge answered insufficiently, including a refusal "to give clear and unambiguous jury instructions." Id. The court interprets this as a claim that the trial court violated the petitioner's right to due process guaranteed by the Fourteenth Amendment.

In ground four, the petitioner contends "that trial counsel provided ineffective assistance, when he failed to explore the motivation of the states [sic] witnesses who testified . . . ." Id. at 15. In particular, the petitioner challenges his trial counsel's failed to impeach or question testimony of police officers, which "deprived" the petitioner "of a fair trial." Id. The court

3

determines that this is a Sixth Amendment claim for ineffective assistance of counsel.

In his fifth ground, the petitioner "argues that trial counsel provided ineffective assistance under the Sixth Amendment when he failed to explore the motivation" behind MDO's testimony. Id. at 17. The petitioner claims that MDO provided inconsistent testimony and that his trial attorney failed to address those inconsistencies. This is a Sixth Amendment claim for ineffective assistance of counsel.

The petitioner asks for a new trial.

## II.     EXHAUSTION OF REMEDIES

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his petition, to have exhausted his state remedies on these five claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a *habeas* petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v.

4

Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also Rhines v. Weber, 544 U.S. 269, 278 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

On October 27, 2010, the Kenosha County Circuit Court sentenced the petitioner. Dkt. No. 1 at 2. On October 28, 2010, the state court entered a judgment of conviction against him. State v. Barnes, No. 2009CF000702, available at https://wcca.wicourts.gov. A review of the state-court docket reveals that the petitioner filed a notice of intent to pursue post-conviction relief with the trial court, and a notice of appeal to the Wisconsin Court of Appeals. On February 15, 2012, the court of appeals dismissed the appeal "in favor of postconviction proceedings in the circuit court." Id.

On March 15, 2012, the petitioner filed a motion for postconviction relief in the Kenosha County Circuit court, and, on December 11, 2012, that court denied the motion. Id. On January 3, 2013, the petitioner filed a notice of appeal with the Wisconsin Court of Appeals. On July 16, 2014, the court of appeals affirmed the Kenosha County court's decision, and, on December 22, 2014, the Wisconsin Supreme Court denied the petition for review. Id.

The petition states that the petitioner raised the issues of "abuse of discretion," ineffective assistance of counsel, and prosecutorial misconduct in his March 15, 2012 motion for post-conviction relief. Dkt. No. 1 at 3. Without seeing the decisions issued by the various post-conviction courts, the court cannot determine at this point whether the petitioner has fully exhausted his state remedies on the specific claims he has raised before this court, but it appears that he has exhausted some version of them. Therefore, the court will go on to consider whether these five claims are the type for which a federal court can grant *habeas* relief. The court notes that it has not made a full review of whether the plaintiff properly exhausted these five claims, or whether he has procedurally defaulted on any of these claims; nothing in this order prevents the respondent from raising the exhaustion issue in his pleadings.

## III. AVAILABILITY OF FEDERAL RELIEF

Section 2254(a) allows a federal district court to consider the merits of a *habeas* petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant habeas relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

6

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

The petitioner's first, second, fourth, and fifth grounds—that his trial attorney was ineffective in various ways while representing him—are claims arising under the Sixth Amendment to the Constitution. That amendment guarantees a defendant in a criminal trial the right to have "assistance of counsel for his defense;" to be meaningful, that assistance must be effective. Strickland v. Washington, 466 U.S. 668 (1984). The court finds that the petitioner's first, second, fourth, and fifth grounds present claims for which a federal court could grant *habeas* relief (in the event that the plaintiff has exhausted them, and that the court finds, after further briefing, that they have merit).

The petitioner's third claim is that the trial counsel abused its discretion by failing to properly instruct the jury or sufficiently respond to juror questions. Dkt. No. 1 at 14. While the petitioner does not state which provision of the Constitution he believes the circuit court violated, he may be alleging that the circuit court violated his right to due process, guaranteed by the Fourteenth Amendment. That amendment states that no state may "deprive any person of life, liberty, or property, without due process of law." Under certain circumstances, a judge's failure to instruct a jury can constitute a violation of due process. See, e.g., Osborne v. Ohio, 495 U.S. 103, 124-25 (1990); Sanders v. Cotton, 398 F.3d 572 (7th Cir. 2005). It appears from the petition that the petitioner is not so much challenge the formal jury

instructions, but is challenging the circuit court's alleged "refusal to give clear and unambiguous jury instructions" in response to questions the jurors asked during deliberation. For the purposes of screening the petition, the court concludes that the petitioner has alleged sufficient facts to allow him to proceed on a Fourteenth Amendment Due Process claim as to those allegations.

## IV. CONCLUSION

For the above reasons, the court **ORDERS** that the petitioner may proceed on all five of the grounds raised in the petition.

The court **ORDERS** that the clerk of court shall correct the caption of this case, and shall substitute as the defendant Judy Smith, Warden, Oshkosh Correctional Institution.

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Oshkosh Correctional Institution.

Dated in Milwaukee, Wisconsin this 7th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge