UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MAURICE BARNES,

   Petitioner,

   v.                                              Case No.  15-CV-1557

REED RICHARDSON,

   Respondent.
_____

# DECISION AND ORDER
_____

Petitioner Maurice Barnes filed this habeas corpus action on December 30, 2015. Judge Pepper screened the petition and concluded that there were potentially five viable, exhausted claims in the petition. ECF No. 4. More recently, the parties consented to the jurisdiction of the undersigned magistrate judge. For the reasons given below, the petition will be denied.

## BACKGROUND

The petitioner was charged in Kenosha County Circuit Court with two counts of second-degree sexual assault, as well as false imprisonment, obstructing an officer, and strangulation/suffocation of a victim known as M.D.O. The petitioner and victim told vastly different stories. M.D.O. testified that while the two were together in a cornfield (apparently en route to either the petitioner's aunt's or cousin's house), the petitioner pushed her, ripped her clothes off, and forced her to have sex. Then, after holding onto her arm so she couldn't escape, the petitioner took her to a van, where they had sex again. The petitioner testified that

M.D.O. removed her own clothes and asked him to have sex, which he declined initially; he later claimed he changed his mind once they were in the van. M.D.O. said she then ran to a gas station and asked the clerk to call the police, while the petitioner stated that he thought she'd gone inside to find beer. Both the clerk and the responding police officer testified that M.D.O. was shaking and crying, with bruises and dirt on her body. When apprehended, the petitioner provided a false name and date of birth. At trial, a nurse testified that she observed scratches and bruises on M.D.O.'s body, as well as vaginal injuries.

During jury deliberations, the trial judge refused the jury's request to examine evidence, including photos and clothing from the crime scene. The jury also asked several questions. With the agreement of the parties, however, the trial judge declined to answer their questions and instead referred the jurors back to the written instructions. The jurors found guilt on three of the charges but came back with a not-guilty verdict on the strangulation/suffocation charge. After discharging his appointed counsel, the petitioner filed a *pro se* postconviction motion arguing *inter alia* that his counsel was ineffective. The trial court, following a hearing at which trial counsel testified, concluded that the petitioner's counsel had not performed deficiently.

On appeal, the court of appeals found no error with the trial court's refusal to send physical evidence to the jury room or provide additional instructions in response to the jury's questions. The court also rejected the petitioner's ineffective assistance of counsel claims. Following the court's summary affirmance, the petitioner filed a petition seeking review with the Wisconsin Supreme Court. That court denied the petition, and this federal habeas action followed.

2

Case 2:15-cv-01557-SCD    Filed 05/18/20    Page 2 of 12    Document 22

# ANALYSIS

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is not simply another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases in which the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A decision is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012). A state-court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. As for the determination of the facts, federal courts will not "characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.' Instead, § 2254(d)(2) requires that we accord the state trial court substantial deference. If '"[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial

3

court's . . . determination.'" *Brumfield v. Cain*, 576 U.S. 305, 135 S. Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010) (other citations omitted)).

In this action the petitioner brings five claims; four of them allege ineffective assistance of trial counsel, while the remaining claim alleges that the trial judge failed to properly instruct the jury or allow physical evidence into the deliberation room. The State argues that all five claims are procedurally defaulted.

1. **Procedural Default — Ineffective Assistance**

With respect to the ineffective assistance claims (claims one, two, four, and five), the State argues that the petitioner failed to give the Wisconsin Supreme Court a full and fair opportunity to consider his claims because his petition for review was brief and conclusory. In his petition for review, the petitioner briefly recited the law of ineffective assistance of counsel, citing *Strickland v. Washington,* 466 U.S. 688 (1984), and then challenged counsel's performance on the following grounds: "1) counsel did not thoroughly investigate facts surrounding the charges and possible defense; 2) counsel did not prepare adequately for trial; 3) counsel did not obtain any expert testimony/opinions or prepare social history; 4) counsel did not retain an investigator to interview witnesses or other statements in police reports; 5) counsel did not obtain, conclude, or seek an independent evaluation of any forensic evidence (i.e. DNA, etc)." ECF No. 8-5 at 2. The petition then states that "[c]ounsel failed to do any of these things when he should have known in this type of case, the credibility of the state's witness[es] would be paramount to this case. In this situation, trial counsel was aware of the need to locate any evidence or information." *Id.*

The Wisconsin Supreme Court requires that petitions must contain specific information:

4

> (2) Contents of petition. Except as provided in s. 809.32 (4), the petition must contain:
> (a) A statement of the issues the petitioner seeks to have reviewed, the method or manner of raising the issues in the court of appeals and how the court of appeals decided the issues. The statement of issues shall also identify any issues the petitioner seeks to have reviewed that were not decided by the court of appeals. The statement of an issue shall be deemed to comprise every subsidiary issue as determined by the court. If deemed appropriate by the supreme court, the matter may be remanded to the court of appeals.
> (b) A table of contents.
> (c) A concise statement of the criteria of sub. (1r) relied upon to support the petition, or in the absence of any of the criteria, a concise statement of other substantial and compelling reasons for review.
> (d) A statement of the case containing a description of the nature of the case; the procedural status of the case leading up to the review; the dispositions in the circuit court and court of appeals; and a statement of those facts not included in the opinion of the court of appeals relevant to the issues presented for review, with appropriate citation to the record.
> (e) An argument amplifying the reasons relied on to support the petition, arranged in the order of the statement of issues presented. All contentions in support of the petition must be set forth in the petition. A memorandum in support of the petition is not permitted.

Wis. Stat. § 809.62(2). As set forth above, while the petition in this case contained a bare statement of the issues, it did not address how the issues were handled by the court of appeals, nor did it contain a statement of any reason why the state supreme court should grant the petition. In short, the State argues that the bare-bones nature of the petition meant that the petitioner failed to fairly present these issues to the Wisconsin Supreme Court.

The State is correct. "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Boyko v. Parke*, 259 F.3d 871, 788 (7th Cir. 2001) (citing *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999)). To satisfy this requirement, the petitioner must have placed both the operative facts and the controlling legal principles before the state courts. *Id.* "Thus, if a petitioner fails to assert in the state courts a particular factual basis for the claim of ineffective

5

assistance, that particular factual basis may be considered defaulted." *Pole v. Randolph*, 570 F.3d 922, 935 (7th Cir. 2009).

Here, the very limited presentation contained in the petition for review did not meaningfully present the issues to the state supreme court. The petitioner alleged that counsel failed to investigate "facts"—what facts? He further alleged that counsel "did not prepare adequately"—in what way? Counsel also allegedly did not obtain expert testimony, retain an investigator, or seek independent evaluation of the forensic evidence. ECF No. 8-5 at 2. But without any context for these supposed delinquencies, how would a reviewing court understand the nature of the constitutional harms being alleged? Here, as in *Ford v. Wallace*, "The Wisconsin Supreme Court would have had to look beyond the petition, and read the lower court's decision as well as [the petitioner's] earlier appellate brief, in order to alert it to the presence of a federal claim." No. 06-C-1052, 2007 WL 2407055, at *6 (E.D. Wis. Aug. 20, 2007). Similarly, in *Obriecht v. Bartow,* the court found that without the "operative facts," the state supreme court justices could not have grasped "both [the claim's] substance and its foundation in federal law." No. 06-C-0253-C, 2006 WL 3246276, at *3 (W.D. Wis. Nov. 6, 2006); *see also Lowe v. Pollard,* No. 15-CV-425, 2018 WL 2944539, at *9 (E.D. Wis. June 11, 2018), report and recommendation adopted sub nom. *Lowe v. Clements*, No. 15-CV-425-PP, 2019 WL 1260519 (E.D. Wis. Mar. 19, 2019)("in the absence of any argument in Lowe's petition for review explaining why the jury instructions misinformed the jury, the Wisconsin Supreme Court would not have understood the nature or basis for his claim. Consequently, it was not fairly presented to the Wisconsin Supreme Court and was therefore procedurally defaulted.")

In *Baldwin v. Reese,* 541 U.S. 27, 31 (2004), the United States Supreme Court faced a similar issue after a state appellant failed to argue in his petition to the Oregon Supreme Court that his appellate counsel had violated the United States Constitution. The Supreme Court noted that, like Wisconsin's, the Oregon Supreme Court is a court with a discretionary power of review. *Id.* And, like Wisconsin's rules, Oregon's rules instruct litigants seeking discretionary review to identify clearly in the petition itself the legal questions presented, why those questions have special importance, a short statement of relevant facts, and the reasons for reversal, "including appropriate authorities." *Id.* (citation omitted). The Court rejected the idea that state supreme court justices should be required to sort through lower court opinions to divine the actual nature of a petitioner's claims: "to say that a petitioner 'fairly presents' a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions. . . . [F]ederal habeas corpus law does not impose such a requirement." *Id.* The Seventh Circuit applied this holding in *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006), noting that the requirement of fair presentment "is not met if a judge must go outside the four corners of the document in order to understand the contention's nature and basis." Here, the only way a justice on the state supreme court could discern the nature of the petitioner's ineffective assistance arguments would be to read his appellate briefs or the court of appeals' decision. Accordingly, the State is correct that these four claims are procedurally defaulted.

A federal court may consider the merits of defaulted claims if a petitioner can show cause for the procedural default and prejudice or that the denial of relief will result in a miscarriage of justice. *Lewis* v. *Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). The petitioner does not attempt to explain why he should be excused from the procedural default, nor is any cause

7

imaginable. *See, e.g., Picotte v. Humphreys,* No. 13-C-0853, 2014 WL 2708568, at *3 (E.D. Wis. June 16, 2014) (noting that "a person's *pro se* status is not cause for a procedural default when the default occurs during a stage of the case in which the person does not have a right to counsel.")

### 2. Procedural Default – Evidence and Jury Instructions

The State also argues that the petitioner's third claim is procedurally defaulted.[1] In that claim, the petitioner alleges that the trial court erred by not allowing the jury to view physical evidence and by refusing to provide additional instructions in response to its questions. To recall, the jury had asked to examine the clothing and photographs put into evidence, but the court did not allow the evidence into the jury room. The jury had also asked a number of questions: (1) what is to be included in evidence, specifically the role of the testimony of [M.D.O.] and the petitioner; (2) the definition of circumstantial evidence and its role in the jury's decision process; (3) the jury's role in evaluating the evidence; (4) the definition and explanation of reasonable doubt; (5) which statements were stricken from the record; and (6) what does the law say about a sex act turning from consensual to nonconsensual sex after the penis has been inserted in the vagina? The jurors also asked about the difference between sexual assault and rape. ECF No. 8-4 at 3. In response to these questions, the court simply referred the jury back to the written instructions.

The court of appeals noted that, in both instances, the trial court had acted in accordance with the wishes of the petitioner's trial attorney. Counsel had objected to having the evidence submitted to the jury deliberation room, and counsel had also agreed that the

---

[1] Unlike his ineffective assistance claims, the petitioner provided much more detail and context in his petition to the state supreme court. The State therefore does not argue that the claim is defaulted for the reasons set forth earlier.

8

Case 2:15-cv-01557-SCD   Filed 05/18/20   Page 8 of 12   Document 22

trial judge should respond to the questions by referring the jury to the written instructions. Thus, the court of appeals found that "[t]he court's response was fully consistent with trial counsel's position and any claim of error is forfeited." ECF No. 8-4 at 3-4. The court also stated: "Additionally, the packet of written instructions sufficiently answered the jury's questions and the trial court properly exercised its discretion by referring the jury back to the provided pattern instructions." *Id.* at 4.

Federal courts "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). A procedural default does not bar consideration of a federal claim, however, "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263.

Here, the state court of appeals found the issues forfeited. However, because the court of appeals also addressed the merits of the jury instruction issue, there is some question as to whether the court's decision rested on an independent and adequate state-law ground. "[I]n order to foreclose review on habeas, the state court must actually state in plain language that it is basing its decision on the state procedural default and that other grounds are reached only in the alternative." *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998). The court here explicitly stated that the arguments were forfeited, and then addressed the merits of the jury instruction issue in a single sentence prefaced by the word "additionally." Clearly, the court was ruling the matters forfeited and then, in the alternative, addressing the merits. *Cf. Rose v. Lane*, 910 F.2d 400, 402 (7th Cir. 1990) ("the court did not state that it was relying on waiver

9

or that it reached the plain error analysis only as an alternative ground for dismissing Rose's claim.") Moreover, because the court opined about the merits of only one of the two issues, it appears even more clear that forfeiture was the controlling reason for its decision. The forfeiture was therefore an independent and adequate state-law ground, which bars further federal review.[2]

Even if the merits of the jury instruction issue were reviewable here, the petitioner's claim would not succeed. He argues that jury instructions may not shift the burden of proof from the prosecutor to the defendant, which is true, but he does not connect the dots to show how the jury instructions used in this case were improper. Moreover, he argues that the jury developed a "presumed guilty" stance due to the trial judge's refusal to give further instructions, but once again he does not explain why the instructions in this case were insufficient without further explanation by the trial judge. ECF No. 9 at 8. (In fact, the jury found him not guilty of one of the charges.) Here, the instructions read to the jury correctly stated that defendants are not required to prove their innocence, that the law presumes their innocence, and that the presumption of innocence means the jury must find the defendant not guilty unless that presumption is overcome beyond a reasonable doubt. *See* ECF No. 8-9 at 109. The instructions also provided a definition of reasonable doubt. *Id.* The trial judge then went on to explain the elements of the two charges. *Id.* at 110-118. The court also provided a definition of circumstantial evidence. *Id.* at 119. Undoubtedly, most of the jury's questions were answerable by reference to the instructions the jurors had already been provided. It is difficult, therefore, to see how further commentary from the trial judge could have impacted either the fairness of the proceedings or the result. The court of appeals did not err, and

---

[2] The petitioner does not argue ineffective assistance as a basis for cause for this procedural default.

10

certainly did not unreasonably apply any controlling Supreme Court precedent, in finding the trial court's decision proper.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Here, I cannot conclude that the assessment of the merits of the petitioner's claims is debatable by reasonable jurists. Moreover, where a petition is dismissed on procedural grounds, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, no reasonable jurist would find the court's procedural rulings debatable. Accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons given above, the petition is **DENIED** and the case is **DISMISSED**. A certificate of appealability is **DENIED**. The clerk will enter judgment accordingly.

**SO ORDERED** this 18th day of May, 2020.

*Stephen C. Dries*

STEPHEN C. DRIES
United States Magistrate Judge